IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00988-BNB

EDDIE MEDINA, JR.,

    Plaintiff,

v.

ADAMS COUNTY SHERIFFS DEPARTMENT,
DAVID LEHEKE, and
JEFFREY STOVALL,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Eddie Medina, resides in Wheatridge, Colorado.  He initiated this action by filing a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    Mr. Medina has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2013).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the Complaint liberally because Mr. Medina is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons

discussed below, the Court will dismiss the Complaint and this action.

Mr. Medina alleges in the Complaint that on August 10, 2013, Defendants Leheke and Stovall were dispatched to the home of Plaintiffs' parents after Plaintiff requested an "officer assist" during a yard sale.  Plaintiff states that upon arrival, Defendant Leheke used profane language in conversing with Defendant Stovall.  Mr. Medina asked Defendant Leheke not to swear in his parents' Christian home. According to Plaintiff, Defendant Leheke turned toward him "in a very aggressive way and says very loud with a smart alic [sic] voice tone, 'I smell B.S.'"  (ECF No. 1, at 4). Defendant Leheke then asked for Plaintiff's identification and called in the information to police dispatch.  Defendant Leheke performed a body search on Plaintiff while waiting for a report from dispatch.  After learning that Plaintiff has no criminal record, Defendant Leheke turned to Plaintiff as the officers were walking out the front door to leave and said, "If I see you again I will make something up and arrest you."  (*Id.* at 5).  Mr. Medina did not respond.  Defendant Leheke then stepped back into the house in "an aggressive manner" and said "I should make something up on you right now and arrest you." (*Id.*). At that point, Defendant Stovall grabbed Defendant Leheke by the arm and said, "let's go," and they left.  (*Id.*).  Mr. Medina states that he was "very frightened and feared for his life" because of Defendant Leheke's "disposition" and the fact that he had a gun in his holster.  (*Id.* at 6).  Plaintiff seeks monetary relief.

Mr. Medina cannot maintain a § 1983 claim against the Defendants based on the conduct described in the Complaint.  Although the alleged misbehavior by Defendant Leheke, if proven, would be deplorable, "being subjected to nothing more than threats and verbal taunts" does not violate the Constitution.  *McBride v. Deer*, 240 F.3d 1287,

1291 n. 3 (10th Cir. 2001); *see, e.g., Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (per curiam) (holding that sheriff's laughing at inmate and threat to hang him were insufficient to state a constitutional violation); *Wingo v. Mullins*, No. 09-5174, 400 F. App'x 344, 347 (10th Cir. Oct. 28, 2010) (unpublished) (allegation that probation officer taunted plaintiff with a bullet and yelled at him did not state a constitutional violation). Although a verbal threat may rise to the level of a constitutional violation if it creates "terror of instant and unexpected death," *see Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992), Defendant Leheke's comments did not suggest a show of deadly force, nor does Plaintiff allege that Leheke brandished his weapon. Therefore, Defendant Leheke's actions did not create "terror of instant and unexpected death." *See Northington*, 973 F.2d at 1524; *Alvarez v. Gonzales*, 155 F. App'x 393, (10th Cir. Nov. 10, 2005) (unpublished). The Court finds that Mr. Medina has failed to state an arguable claim for relief against Defendants Leheke or Stovall under the applicable law and that allowing him an opportunity to amend the Complaint would be futile.

The Court further finds that Plaintiff's claim against the Adams County Sheriff's Department, which is construed liberally as a claim against Adams County, fails because Plaintiff has not alleged facts to state an arguable underlying constitutional violation by the individual officer Defendants. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable for constitutional violations when there was no underlying constitutional violation by any of its officers." (internal quotation marks and brackets omitted)); *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009) (observing that municipal "liability will not attach where there was no underlying constitutional violation by any of the municipality's

officers" (brackets and internal quotation marks omitted)). Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status will be denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  11th  day of   April  , 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court